UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT POWNER,

       Petitioner,

v.                                      Case No:  2:13-cv-515-FtM-29CM
                                        Case No. 2:09-CR-75-FTM-29UAM
UNITED STATES OF AMERICA,

       Respondent.

_____

## OPINION AND ORDER

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #501).[1]  The government filed a Response in Opposition to Motion (Cv. Doc. #9).  The petitioner filed a Reply (Cv. Doc. #12).

Petitioner also filed a Motion to Amend (Cv. Doc. #15) on September 2, 2015 which was granted (Cv. Doc. #17).  Petitioner filed a Supplement Pleading to Motion Filed Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #18) on December 28, 2015.  No response was filed.  This matter is ripe for review.

---

[1] The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

**I.**

On September 16, 2009, a federal grand jury in Fort Myers, Florida returned a two-count Indictment (Cr. Doc. #3) charging nine defendants with various drug offenses. Petitioner Robert Powner was charged only in Count One, which alleged conspiracy to possess with intent to distribute Oxycodone, Methadone, and Alprazolam in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(C), § 846, and 18 U.S.C. § 2. The Court granted in part and denied in part a motion to suppress evidence, United States v. Bergin, 732 F. Supp. 2d 1235 (M.D. Fla. 2010), and petitioner was ultimately convicted by a jury (Cr. Doc. #414) of the conspiracy count. The Court sentenced petitioner to 136 months imprisonment, to be followed by a three year term of supervised release. (Cr. Docs. #431, #432.)

Petitioner filed a direct appeal asserting only that the district court should have suppressed both his post-arrest statements and the trial testimony of his co-defendant as fruits of an illegal search. United States v. Powner, 481 F. App'x 529, 530 (11th Cir. 2012). Petitioner's conviction and sentence were affirmed. Id. Petitioner's timely § 2255 motion, raises eleven grounds for relief alleging numerous grounds of ineffective assistance of counsel and various trial court errors.

The United States argues that petitioner procedurally defaulted on his claims and that petitioner's challenge is not

cognizable in this § 2255 proceeding; and that in any event petitioner is not entitled to relief because his claims are unsubstantiated, unsupported, and baseless. (Cv. Doc. #9.)

## II.

As an initial matter, petitioner is not entitled to an evidentiary hearing. A district court shall hold an evidentiary hearing on a habeas petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b). "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (internal quotation marks and citation omitted). See also Winthrop-Redin v. United States, 767 F.3d 1210, 1215-16 (11th Cir. 2014). However, a "district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." Id. at 715. See also Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008). Here, even when the facts are viewed in the light most favorable to petitioner, the record establishes that petitioner received effective assistance of counsel and there was no trial court error. Therefore, the Court finds that an evidentiary hearing is not warranted in this case.

**III.**

The Court will set forth the general legal principles and then apply them to the facts of the case.

**A)   Standard of Review**

Title 28 U.S.C. § 2255 provides federal prisoners with an avenue for relief under limited circumstances:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (2015).  If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id. at § 2255(b).  To obtain this relief on collateral review, a petitioner must clear a significantly higher hurdle than would exist on direct appeal.  See United States v. Frady, 456 U.S. 152, 166 (1982) (rejecting the plain error standard as not sufficiently deferential to a final judgment).

**B)   Ineffective Assistance of Counsel**

The legal standard for ineffective assistance of counsel claims in a habeas proceeding is well established.  To prevail on a claim of ineffective assistance of counsel, a habeas petitioner

must demonstrate both that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness, and (2) prejudice resulted because there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. Hinton v. Alabama, ___ U.S. ___, 134 S. Ct. 1081, 1087-88 (2014) (citing Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) and Padilla v. Kentucky, 559 U.S. 356, 366 (2010)).

The proper measure of attorney performance is simply reasonableness under prevailing professional norms considering all the circumstances. Hinton, 134 S. Ct. at 1088 (citations omitted). A court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . ." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690) (internal quotation marks omitted). This judicial scrutiny is highly deferential, and the Court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. Rose v. McNeal, 634 F.3d 1224, 1241 (11th Cir. 2011); Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue.

United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992);
Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989).

To establish prejudice under Strickland, petitioner must show
more than that the error had "some conceivable effect on the
outcome of the proceeding." Marquard v. Sec'y for the Dep't of
Corr., 429 F.3d 1278, 1305 (11th Cir. 2005) (quotation marks
omitted). Rather, the petitioner must show that there is a
reasonable probability that, but for counsel's unprofessional
errors, the result of the proceeding would have been different.
Hinton, 134 S. Ct. at 1087-88. "A reasonable probability is a
probability sufficient to undermine confidence in the outcome."
Hinton, 134 S. Ct. at 1089 (quoting Strickland, 466 U.S. at 694)
(internal quotation marks and citations omitted).

The same deficient performance and prejudice standards apply
to appellate counsel. Smith v. Robbins, 528 U.S. 259, 285-86
(2000); Roe v. Flores-Ortega, 528 U.S. at 476-77. If the Court
finds there has been deficient performance, it must examine the
merits of the claim omitted on appeal. If the omitted claim would
have had a reasonable probability of success on appeal, then the
deficient performance resulted in prejudice. Joiner v. United
States, 103 F.3d 961, 963 (11th Cir. 1997). Nonmeritorious claims
which are not raised on direct appeal do not constitute ineffective
assistance of counsel. Diaz v. Sec'y for the Dep't of Corr., 402
F.3d 1136, 1144-45 (11th Cir. 2005).

**C)   Procedural Default**

A claim that was available but was not raised in the district court or on appeal is procedurally defaulted from consideration on collateral review.  McCoy v. United States, 266 F.3d 1245, 1258–59 (11th Cir. 2001); Bousley v. United States, 523 U.S. 614, 622 (1998).  A petitioner may avoid a procedural default either by showing (1) cause for and prejudice from the default, or (2) that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004) (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)).

To show cause for not raising a claim, a petitioner must show that "some objective factor external to the defense" which impeded his ability to raise the claim previously.  Lynn, 365 F.3d at 1235 n. 20.  To show prejudice, a petitioner must demonstrate that "errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness."  Wright v. Hopper, 169 F.3d 695, 706 (11th Cir. 1999) (internal citations omitted).  To establish actual innocence, a petitioner must demonstrate factual innocence, not mere legal insufficiency.  Bousley, 523 U.S. at 623–24.

**IV.**

Many of the issues raised by petitioner relate to suppression motions filed by petitioner's attorney and his co-defendant.  The court file reflects the following:

Attorney Richard D. Lakeman was initially appointed to represent petitioner (Cr. Doc. #34).  Mr. Lakeman filed a motion for court authorization of investigative costs in order to obtain the services of private investigator John J. Valenza (Cr. Doc. #84).  This motion was granted (Cr. Doc. #87.)

Co-defendant Jason Bergin filed a motion to suppress evidence, and Mr. Lakeman filed a motion to adopt the motion to suppress, as supplemented by additional facts and case law (Cr. Doc. #110).  On February 2 and 5, 2010, an evidentiary hearing was held before the assigned magistrate judge on the motions to suppress (Cr. Docs. #186, #188).  Petitioner testified at the hearing both as to his standing and the merits of the motion.  Mr. Lakeman filed a Supplemental Memorandum (Cr. Doc. #169) as to petitioner's standing and an Amended Supplemental Memorandum (Cr. Doc. #194).

On March 26, 2010, a Report and Recommendation (Cr. Doc. #205) was filed by the assigned magistrate judge recommending that the motions to suppress be denied.  Objections to the Report and Recommendation were filed by Mr. Lakeman (Cr. Doc. #220) and other defendants.

On May 20, 2010, petitioner filed a *pro se* Motion to Dismiss Counsel, Appoint New Counsel and be Named as Co-Counsel (Cr. Doc. #248) and Mr. Lakeman filed an Emergency Motion to Withdraw as Attorney for Defendant (Cr. Doc. #253.)  A hearing was held before the magistrate judge, who found that the attorney-client relationship was irretrievably broken, denied petitioner's *pro se* motion, and granted counsel's emergency motion (Cr. Doc. #256.) CJA Panel attorney David Brener was appointed to represent petitioner (Cr. Docs. #257, #259, #262.)  Mr. Brener filed a Motion to Appoint Investigator to Aid Defense (Cr. Doc. #267) requesting the appointment of Tropical Investigations, LLC.  This was denied without prejudice because an investigator had been appointed at the request of Mr. Lakeman (Cr. Doc. #287.)

Mr. Brener filed a Motion to Suppress Statements (Doc. #268). At a July 12, 2010 status conference, the district court scheduled oral argument on the pending motions to suppress and objections to the Report and Recommendation for July 21, 2010 (Cr. Docs. #279, 281.)  On July 19, 2010, Mr. Brener filed a Motion for Protection due to a schedule conflict (Cr. Doc. #285).  The Court denied the motion to protect as to the scheduled oral argument, but allowed Mr. Brener to arrange for other counsel to appear for him or agreed to dispense with oral argument on behalf of the motion (Cr. Doc. #286).

The district court heard oral argument on July 21, 2010 on the pending motion to suppress and objections. No defendant, including petitioner, was present for the oral argument, but petitioner was represented by attorney Thomas DeMine, law partner for Mr. Brener. On August 6, 2010, the district court issued an Opinion and Order (Cr. Doc. #300) accepting in part and rejecting in part the Report and Recommendation as to the motions to suppress. The district court also denied petitioner's Motion to Suppress Statements (Cr. Doc. #301.)

**V.**

**A) Ground One**

In ground one petitioner asserts that Mr. Lakeman provided ineffective assistance of counsel by: (a) failing to obtain adequate investigative services, but rather retaining the services of an investigator who was being treated for cancer, which prohibited him from performing his investigative duties effectively; (b) failing to act on information petitioner provided him which would have made it more apparent to the Court at the suppression hearing that there truly could not have been any inevitable discovery of petitioner absent the illegal search; (c) instructing petitioner to withhold information which could have further gone to credibility issues; (d) failing to provide petitioner with Jencks Act material in a timely manner even though it contained critical information which would have been useful at

- 10 -

the suppression hearing; and (e) failing to prepare and make a serious attempt at the suppression hearing because counsel told petitioner he had no standing.

First, petitioner claims counsel was ineffective for failing to obtain adequate investigative services. Specifically, petitioner asserts that Mr. Lakeman failed to provide adequate investigative services by retaining an investigator who was suffering from and being treated for cancer, which prohibited him from performing his investigative duties effectively. Petitioner elaborates on this claim in his Reply brief. (Doc. #12.) Petitioner claims that he informed Mr. Lakeman of a number of inconsistencies in statements and spoke with the investigator on at least two occasions requesting that he interview a specific witness and obtain certain evidence. According to petitioner the investigator and Mr. Lakeman ignored his requests. Petitioner asserts that "although the issues which could have been resolved by having a more active and more thorough investigative service can not [sic] really be determined, it is a least believeable [sic] that some of the credibility issues would have been resolved in [his] favor." (Doc. #12, p. 3.)

In Strickland, the Court explained how a court should evaluate a claim that counsel had been ineffective in failing to investigate. 466 U.S. at 690-91. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible

options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.  In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Id. "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Id. at 691.  The reasonableness of investigation decisions "critically" depends on information that the defendant supplies and the informed legal choices that he makes. Id. "For example, when the facts that support a certain potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether." Id.

Petitioner's claim that counsel failed to adequately investigate is insufficient to comport with the strong presumption of reasonableness and degree of deference extended to his counsel. The basis for petitioner's claim is that his counsel did not investigate certain information given to him by petitioner.  The record shows that Mr. Lakeman used the services of a private investigator to assist in interviewing witnesses and reviewing discovery (Cr. Doc. #84).  Petitioner has failed to establish that

his counsel's decision to investigate some areas while not others was not strategic or tactical as allowed under Strickland. In addition, petitioner has failed to allege how he was prejudiced by Mr. Lakeman's failure to investigate these areas of inquiry. Therefore, the Court finds that Mr. Lakeman's decision not to investigate the inquiries made by petitioner was reasonable under the circumstances.

Petitioner provides no factual support for the remaining claims of ineffective assistance of counsel. Petitioner does not state what information his counsel failed to act upon, what information he was instructed to withhold from the Court, what Jencks Act material he should have been provided, or how his counsel failed to properly prepare for the suppression hearing. Moreover, petitioner does not allege how any of his claims would have changed the outcome of his case. Such conclusory allegations prove neither deficient performance nor prejudice. Petitioner's failure to make the required showing of either deficient performance, or sufficient prejudice, defeats the ineffectiveness claims. Accordingly, ground one is denied.

B) **Ground Two**

In ground two, petitioner asserts that the government either through careful design or deliberate indifference provided the Court with false information. Specifically, petitioner attacks the credibility of detectives Nolen and Baginski's testimony.

This claim is procedurally defaulted and petitioner has failed to show the presence of any exception for the default. Alternatively, if not defaulted, the claim is without merit.

As recognized in <u>United States v. Ramirez-Chilel</u>, "[c]redibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses." 289 F.3d 744, 749 (11th Cir. 2002) (citation omitted). It is well established that "a 'trial judge's . . . choice of whom to believe is conclusive . . . unless the judge credits exceedingly improbable testimony." ' <u>Id.</u> In the instant case, the Court's understanding of the facts is not "unbelievable," and it conducted a proper credibility determination. Accordingly, ground two is denied.

**C) Ground Three**

In ground three, petitioner asserts the trial court violated petitioner's due process rights by holding oral arguments on July 21, 2010, without petitioner or his attorney being present and referring to the hearing at least four times in an Opinion and Order.

This claim is procedurally defaulted and petitioner has failed to show the presence of any exception for the default. Alternatively, if not defaulted, the claim is without merit.

Federal Rule of Criminal Procedure 43 identifies certain

stages of a criminal prosecution at which a defendant must be present and also which proceedings are exempt from this requirement. See Fed. R. Crim. P. 43(b). As relevant here, Rule 43(b)(3) provides that a defendant need not be present at a "proceeding [that] involves only a conference or hearing on a question of law." This exception encompasses a hearing on a pre-trial motion to suppress.

Rule 43 does not require a defendant to be present at a pretrial hearing involving only oral argument, and the Due Process Clause requires no more. See United States v. Gagnon, 470 U.S. 522, 526 (1985) (explaining that due process concerns are implicated "whenever the defendant's presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge . . . and to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only"). Petitioner's absence from the pretrial hearing did not deprive him of any constitutional right. It did not detract from his defense or in any way affect the fairness of his trial. Therefore, petitioner's claim is without merit. Accordingly, ground three is denied.

**D) Ground Four**

In ground four, petitioner asserts that Mr. Brener provided ineffective assistance of counsel when he failed to advise petitioner of the oral argument and failed to attend the oral

argument.

As discussed above, it was not required that petitioner be present at the motion to suppress hearing.  Therefore, counsel was not ineffective for failing to notify petitioner about the hearing.  Moreover, counsel properly filed a Motion for Protection informing the Court of his scheduling conflict.  (Cr. Doc. #285.)  The Court allowed Mr. Brener to arrange for other counsel to appear for him or agreed to dispense with oral argument on behalf of petitioner's motion (Cr. Doc. #286).  As a result, petitioner was represented by attorney Thomas DeMine, law partner for Mr. Brener during the hearing.  Therefore, it was not unreasonable for Mr. Brener not to attend the oral argument.  Accordingly, ground four is denied.

### E) Ground Five

In ground five, petitioner asserts that Mr. Brener provided ineffective assistance of counsel at the July 21, 2010 hearing because the attorney who attended was ill prepared to properly argue the motion to suppress.  Upon review of the record, the Court finds that Mr. DeMine's representation during the hearing was reasonable.  In addition, petitioner has failed to show any prejudice resulting in Mr. DeMine's representation.  Accordingly, ground five is denied.

### F) Ground Six

In ground six, petitioner asserts the trial court erred in its credibility finding by failing to consider obviously

untruthful statements made by four police officers, and being biased against petitioner.

This claim is procedurally defaulted and petitioner has failed to show the presence of any exception for the default. Alternatively, if not defaulted, the claim is without merit.

As discussed above, credibility determinations made by the trial judge are conclusive unless exceedingly improbable. See Ramirez-Chilel, 289 F.3d at 749. In the instant case, the Court's understanding of the facts is not "unbelievable," and it conducted a proper credibility determination. Accordingly, ground six is denied.

**G) Ground Seven**

In ground seven, petitioner asserts the trial court erred by failing to suppress the actual prescriptions as well as the testimony of the pharmacists in violation of the Fourth Amendment.

This claim is procedurally defaulted and petitioner has failed to show the presence of any exception for the default. Alternatively, if not defaulted, the claim is without merit. This issue was properly addressed in the Court's August 6, 2010 Order granting in part and denying in part the petitioner's Motion to Suppress Evidence. (Cr. Doc. #300.) The record establishes that there was no error in the Court's decisions. Accordingly, ground seven is denied.

**H) Ground Eight**

In ground eight, petitioner asserts the trial court erred in failing to suppress the post-arrest statement petitioner made to Detective Baginski.

Petitioner raised this ground on direct appeal. (See Cr. Doc. 489.) This Court "is not required to reconsider claims of error that were raised and disposed of on direct appeal." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000). If a claim has previously been raised on direct appeal and decided adversely to a defendant, it cannot be relitigated in a collateral attack under § 2255. Id. As a result, claims that were raised and resolved in a defendant's direct appeal will not be reconsidered by the Court.

The Eleventh Circuit Court of Appeals concluded that that petitioner's post-arrest statements were sufficiently attenuated from the unlawful search and seizure. (Id.) Consequently, the Court will not reconsider this ground. Accordingly, ground eight is denied.

**I) Ground Nine**

In ground nine, petitioner asserts the trial court erred by failing to allow the jury to determine the quantity of drugs involved because the amount of drugs affected the Sentencing Guideline range. In support of this ground petitioner relies on Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the

Supreme Court held that any fact that increases the maximum sentence is also an element of an offense, and must be submitted to a jury to be proven beyond a reasonable doubt.  Jeanty v. Warden, FCI-Miami, 757 F.3d 1283, 1285 (11th Cir. 2014).

This claim is procedurally defaulted and petitioner has failed to show the presence of any exception for the default. Alternatively, if not defaulted, the claim is without merit.

Apprendi doesn't apply because only applies to statutory maxs not guideline increases.  It was 20 years for any amount of drug and so no jury fact finding.

Petitioner admits that he was sentenced below guideline range (Doc. #12, p. 12).  Petitioner was charged with conspiracy to possess with intent to distribute and distribute oxycodone, Methadone, and Alprazolam, in violation of 21 U.S.C. §§ 846 and 841 (b)(1)(C).  Under 21 U.S.C. § 841(b)(1)(C), the statutory maximum for petitioner's crime is twenty (20) years imprisonment. Petitioner was sentenced to 136 months of imprisonment (Cr. Doc. #468, pp. 5, 35.)  Therefore, the sentence petitioner received on count one was not in excess of the statutory maximum sentence for his crime.  Consequently, Apprendi does not apply in the instant case and petitioner's claim is without merit.  Accordingly, ground nine is denied.

**J) Ground Ten**

In ground ten, petitioner asserts he received ineffective

assistance by appellate counsel Scott Robbins for refusing to raise any of the grounds raised by petitioner in this § 2255 motion on appeal.

The Eleventh Circuit has held that appellate counsel is not required to raise every non-frivolous issue, even ones that may have been meritorious, noting that "it is difficult for a defendant to show his counsel was ineffective for failing to raise certain issues on appeal, particularly if counsel did present other strong issues." Toepfer v. United States, 518 F. App'x 834, 841–42 (11th Cir. 2013), cert. denied, ____ U.S. ____, 134 S. Ct. 659 (2013) (citations and quotations omitted). To establish prejudice in this context, a movant must show that "the neglected claim would have a reasonable probability of success on appeal." Heath v. Jones, 941 F.2d 1126, 1131 (11th Cir. 1991).

As discussed above, all of the grounds raised in the instant § 2255 motion are without merit. Therefore, the Court cannot conclude that appellate counsel's performance was unreasonable or that petitioner was prejudiced. Accordingly, ground ten is denied.

**K) Ground Eleven**

In ground eleven petitioner asserts that Detective Baginski violated police procedures during a photo lineup which the

government failed to disclose resulting in a <u>Brady</u> violation.[2] (Doc. #18; Doc. #18-1.)  Petitioner references facts contained in a Motion to Suppress Evidence filed in a subsequent criminal case. (<u>See</u> MDFL Case No. 2:12-cr-05-FTM-29CM, Doc. #136.)  Petitioner asserts that had his counsel been informed of Detective Baginski's conduct, a different outcome *could have* occurred because Detective Baginski's credibility would have been impeached.  Petitioner also asserts there is a "sincere possibility that she used the same technique" when interviewing each of the pharmacists.

It is clear that <u>Brady</u> requires the prosecution to disclose impeachment evidence for cross-examination purposes.  <u>United States v. Bagley</u>, 473 U.S. 667, 676 (1985).  The Eleventh Circuit summarized: To prevail on a <u>Brady</u> claim, the petitioner must establish (1) the government possessed evidence favorable to him; (2) the defendant did not possess the evidence and could not have obtained it with reasonable diligence; (3) the government suppressed the favorable evidence; and (4) the evidence was material.  Evidence is material if there is a reasonable probability that a different result would have occurred had the evidence been disclosed.  In turn, a reasonable probability is understood to be a probability sufficient to undermine confidence

---

[2] <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963).

in the outcome.  Lamarca v. Sec'y, Dep't of Corr., 568 F.3d 929, 941 (11th Cir. 2009) (internal citations and quotations omitted).

Petitioner has failed to establish that there is a reasonable probability that the outcome of the proceedings would have been different.  Petitioner argues that had this information been made available to his counsel detective Baginski's credibility would have been impeached which may have resulted in a different outcome during the suppression hearing.  Petitioner's claim is not supported by the record and amounts to mere speculation.  A review of the record shows the witness that was given the photo lineup was not called as a witness in petitioner's case.  Furthermore, petitioner's claim is based on unsupported allegations that were included in a Motion to Suppress Evidence that was filed in a criminal case not involving petitioner.  (See MDFL Case No. 2:12-cr-05-FTM-29CM, Doc. #136.)

Moreover, there is no evidence of when, if ever, this alleged improper photo lineup occurred or how it was favorable evidence for petitioner.  Therefore, the Court cannot conclude that the credibility determinations made by the Court in petitioner's case would have been different had the government disclosed this information to petitioner.  Consequently, the Court finds petitioner's allegations are without merit.  To the extent petitioner attempts to incorporate an ineffective assistance of

counsel claim the Court also finds the claim fails for the reasons discussed above.  Accordingly, ground eleven is denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.    Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #501) is **DENIED**.

2.    Petitioner's Renewed Motion for Discovery and Production of Documents (Doc. #20) is **DENIED as moot**.

3.    The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.**  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve

encouragement to proceed further," <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this ___22nd___ day of September, 2016.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA